IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARC L. STENGEL,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN PSYCHOLOGICAL ASSOC.,<br><br>  Defendant. | Civil Action No.: JKB-18-3665<br>(Related cases: CCB-18-3423,<br>            DKC-18-3390) |

**MEMORANDUM OPINION**

Plaintiff filed this civil rights complaint on December 10, 2018, along with a motion to proceed in forma pauperis. Plaintiff's motion shall be granted.

The complaint alleges that the "American Psychological Association is a hoax" and that "[i]t's more than clear, you're Rules and Laws are designed by Psychosis, for Psychosis. Period!" ECF 1 at p. 1 (*sic*). He continues with the following statements:

> Local, State and Federal Scams to Assist EVIL. Force Feeding unsuspecting Victims (Society) through many avenues including their own Member Base. CARRIERS forwarding PSYCHOlogical as LOGICAL. Conspiracy against Humanity. **Psychological WARFARE** attacking a Conscience. Forcing Societies to be Sub-Servant. Their Entire FRAUD, SCAMS and ABUSES to Billions are clearly defined. All spent their lives being CONNED by combining PSYCHOlogical and Logical, which creates a Fantasy (DELUSIONAL) Stew. That is their Goal. Muddy the Field with EVIL Beings so THE EVIL BEINGS (Unconscionbles) (sic) are impossible to find. Especially the APA has Conscience not even EXIST. Your life was spent in DESIGNED ABUSE. 40-60 Hours = Recognition. This will expose ALL Predators :) BEWARE OF THE JUDICIAL BRANCH IN THE USA.

*Id.* (emphasis and capitalization in original). Plaintiff lists as "key witnesses" Oprah Winfrey, Edward Snowden, Barrack Obama, Natalie Morales, and Donald Trump. *Id.* The complaint also

references attachments that are filed separately from the electronic docket as they were submitted only in compact disc format. *Id*.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A pleading must give the court and Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true

substance, if any, is well disguised" may be dismissed. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff must provide enough detail to illuminate the nature of the claim and to allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett*, 775 F.2d at 1278. The instant complaint does not comply with these standards.

Plaintiff's opinions regarding the American Psychological Association, the purpose or effect of the law, or the status of society's collective sanity are not cognizable bases for a federal civil rights lawsuit. The narrative provided by plaintiff in this and two prior complaints[1] is rooted in opinion, bizarre perceptions, and delusional beliefs that, while apparently sincerely held by plaintiff, are simply incapable of any objective proof or a substantive response from the defendant named. Notwithstanding the sincerity of plaintiff's beliefs, this court does not have jurisdiction to address the matters asserted. Accordingly, this complaint shall be dismissed. Plaintiff is hereby forewarned that continuing to file complaints such as those this court has dismissed as frivolous, including the instant complaint, may lead this court to consider measures to limit the material plaintiff is permitted to file with this court. A separate order follows.

Dated this 17th day of December, 2018 .

                                                        FOR THE COURT:

                                                        /s/
                                                      James K. Bredar
                                                      Chief Judge

---

[1] *See Stengel v. Hogan, et al..*, Civil Action DKC-18-3390 (D. Md. 2018); *Stengel v. Hogan, et al.*, Civil Action CCB-18-3423 (D. Md. 2018).